IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01995-BNB

GREGORY D. CROSBY,

    Plaintiff,

v.

FEDERAL BUREAU OF PRISONS,

    Defendant.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

    Plaintiff, Gregory D. Crosby, is a prisoner in the custody of the United States Bureau of Prisons (BOP) who currently is incarcerated at the United States Penitentiary, High Security, in Florence, Colorado.  Mr. Crosby filed *pro se* a Prisoner Complaint for money damages pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671-2680, to which he erroneously refers as 28 U.S.C. § 1346(b).

    Mr. Crosby has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 without payment of an initial partial filing fee.  The Court must construe the complaint liberally because Mr. Crosby is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Mr. Crosby will be ordered to file an amended complaint.

    The Court has done its best to summarize the gist of the complaint, despite the

fact that the complaint is hard to understand because Mr. Crosby's handwriting is difficult to read. Mr. Crosby complains that on February 3, 2012, his mentally disturbed cell mate stabbed him in the arm, chest, and leg with a homemade ice pick, causing him to lose a significant amount of blood from his injuries. He cites to *Farmer v. Brennan*, 511 U.S. 825 (1994), an action pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), to support his contention that Defendant, BOP, was deliberately indifferent to the assault and failed to provide him with adequate medical care. However, Mr. Crosby insists he is asserting FTCA claims, not *Bivens* claims, *see* ECF No. 1 at 10, despite the fact that the *Farmer* deliberate indifference standard he cites applies to *Bivens* claims.

Mr. Crosby's complaint fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that Mr. Crosby is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which

2

provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis."  *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957).  The general rule that *pro se* pleadings must be construed liberally has limits and the Court "cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).  In order for Mr. Crosby to state a claim in federal court, his "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492  F.3d 1158, 1163 (10th Cir. 2007).

Mr. Crosby's complaint is vague.  He fails to state his claims in a clear, succinct, and factual manner.  His FTCA claims appear to be asserted more appropriately pursuant to *Bivens*.  To the extent Mr. Crosby is attempting to assert FTCA claims, he should note that in an FTCA action, the United States is the only proper defendant.  28 U.S.C. § 2679(d)(1); *see also Oxendine v. Kaplan*, 241 F.3d 1272, 1275 n.4 (10th Cir. 2001).  However, he may not assert *Bivens* claims against the United States.  *See Smith v. United States*, 561 F.3d 1090, 1099 (10th Cir. 2009).  In order to succeed in a *Bivens* action, Mr. Crosby must demonstrate that federal officials violated his rights

under the United States Constitution while acting under color of federal law.  *See Dry v. United States*, 235 F.3d 1249, 1255 (10th Cir. 2000).

To the extent Mr. Crosby seeks to hold individuals liable under *Bivens*, he must name such individuals in the caption of the complaint and allege facts in the text of the complaint to show each individual defendant's personal participation in a deprivation of his constitutional rights.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).

A defendant may not be held liable on a theory of respondeat superior.  *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).  A supervisor is only liable for a constitutional violation that he or she has caused.  *See Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010).  Accordingly, there must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993); see also *Dodds*, 614 F.3d at 1200-01 ("[D]efendant-supervisors may be liable under § 1983 [or *Bivens*] where an 'affirmative' link exists between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy. . .–express or otherwise–showing their authorization or approval of such 'misconduct.'") (quoting *Rizzo v. Goode*, 423 U.S. 362, 371 (1976)).

If asserting *Bivens* claims, Mr. Crosby may use fictitious names, such as Jane or

4

John Doe, if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Crosby uses fictitious names he must provide sufficient information about each defendant so that each defendant can be identified for purposes of service.

Finally, Rule 10.1 of the Local Rules of Practice for this Court requires that all papers filed in cases in this Court be double-spaced and legible. *See* D.C.COLO.LCivR 10.1E. and G. The complaint Mr. Crosby filed is difficult to read because it is single-spaced, nearly illegible, and does not utilize the complaint form, relying instead on a handwritten attachment to the complaint. The amended complaint Mr. Crosby will be directed to file, if handwritten, shall be double-spaced, written legibly, and utilize the complaint form itself.

Mr. Crosby, therefore, will be directed to file on the Court-approved Prisoner Complaint form an amended complaint that asserts the proper basis for the Court's jurisdiction, states his claims clearly and concisely, sues proper parties, and alleges specific facts that demonstrate how each named defendant personally participated in the asserted constitutional violations.

Accordingly, it is

ORDERED that, **within thirty (30) days from the date of this order**, Plaintiff, Gregory D. Crosby, file an amended complaint that complies with this order. It is

FURTHER ORDERED that Mr. Crosby shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov for use in filing the amended complaint. It is


FURTHER ORDERED that if, within the time allowed, Mr. Crosby fails to file an amended complaint that complies with this order to the Court's satisfaction, the complaint and the action will be dismissed without further notice.

DATED at Denver, Colorado, this 16th day of August, 2012.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge