IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01995-BNB

GREGORY D. COSBY, also known as
GREGORY D. COSMO COSBY,

    Plaintiff,

v.

JOHN DOES, and
FEDERAL BUREAU OF PRISONS,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE
SECOND AND FINAL AMENDED COMPLAINT

---

    Plaintiff, Gregory D. Cosby, also known as Gregory D. Cosmo Cosby, is a prisoner in the custody of the Federal Bureau of Prisons (BOP) who currently is incarcerated at the United States Penitentiary, High Security, in Florence, Colorado. He submitted *pro se* an amended Prisoner Complaint (ECF No. 8) for money damages on September 7, 2012, in response to the Court's order of August 16, 2012 (ECF No. 6). He asserts jurisdiction pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Mr. Cosby has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. ECF No. 5.

    The Court has determined from independent research that the prisoner number 05825-045 is the same for Gregory D. Cosby and Gregory D. Cosmo Cosby. "[T]he court is permitted to take judicial notice of its own files and records, as well as facts which are a matter of public record." *Van Woudenberg ex rel. Foor v. Gibson*, 211 F.3d

560, 568 (10th Cir. 2000), *abrogated on other grounds by McGregor v. Gibson*, 248 F.3d 946, 955 (10th Cir. 2001). Mr. Cosby's alias has been added to the caption of this order.

The Court must construe liberally Mr. Cosby's filings because he is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. Although the amended complaint Mr. Cosby filed is not on the Court-approved form as directed, the action was not dismissed for Plaintiff's failure to comply with that order. Instead, for the reasons stated below, Mr. Cosby will be ordered to file a second amended complaint if he wishes to pursue his claims in this action.

The United States Court of Appeals for the Tenth Circuit repeatedly has upheld the requirement that *pro se* litigants comply with local court rules requiring use of proper Court-approved forms, and rejected constitutional challenges to such rules. *See Georgacarakos v. Watts*, 368 F. App'x 917, 918-19 (10th Cir. 2010) (district court did not abuse its discretion in dismissing civil rights action without prejudice for federal prisoner's noncompliance with local rules requiring use of proper court-approved form to file complaint and district court's order to comply), *Durham v. Lappin*, 346 F. App'x 330, 332-33 (10th Cir. 2009) (it was within district court's discretion to dismiss prisoner's complaint for failure to comply with local rules requiring *pro se* litigants to use court-approved forms, and local rule did not violate prisoner's equal protection rights); *Kosterow v. United States Marshal's Serv.*, 345 F. App'x 321, 322-33 (10th Cir. 2009) (it was within district court's discretion to dismiss complaint for failure to use proper court

560, 568 (10th Cir. 2000), *abrogated on other grounds by McGregor v. Gibson*, 248 F.3d 946, 955 (10th Cir. 2001). Mr. Cosby's alias has been added to the caption of this order.

The Court must construe liberally Mr. Cosby's filings because he is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. Although the amended complaint Mr. Cosby filed is not on the Court-approved form as directed, the action was not dismissed for Plaintiff's failure to comply with that order. Instead, for the reasons stated below, Mr. Cosby will be ordered to file a second amended complaint if he wishes to pursue his claims in this action.

The United States Court of Appeals for the Tenth Circuit repeatedly has upheld the requirement that *pro se* litigants comply with local court rules requiring use of proper Court-approved forms, and rejected constitutional challenges to such rules. *See Georgacarakos v. Watts*, 368 F. App'x 917, 918-19 (10th Cir. 2010) (district court did not abuse its discretion in dismissing civil rights action without prejudice for federal prisoner's noncompliance with local rules requiring use of proper court-approved form to file complaint and district court's order to comply), *Durham v. Lappin*, 346 F. App'x 330, 332-33 (10th Cir. 2009) (it was within district court's discretion to dismiss prisoner's complaint for failure to comply with local rules requiring *pro se* litigants to use court-approved forms, and local rule did not violate prisoner's equal protection rights); *Kosterow v. United States Marshal's Serv.*, 345 F. App'x 321, 322-33 (10th Cir. 2009) (it was within district court's discretion to dismiss complaint for failure to use proper court

form); *Young v. United States*, 316 F. App'x 764, 769-71 (10th Cir. 2009) (district court order dismissing federal prisoner's *pro se* civil rights complaint without prejudice to his ability to refile, based on his repeated refusal to comply with district court order directing him to file amended complaint on court-approved prisoner complaint form as required by local district court rule, was not abuse of discretion or constitutional violation); *Maunz v. Denver Dist. Court*, 160 F. App'x 719, 720-21 (10th Cir. 2005) (district court did not abuse its discretion in dismissing inmate's federal action where inmate failed to file habeas corpus application on proper form designated by district court); *Daily v. Municipality of Adams County*, 117 F. App'x 669, 671-72 (10th Cir. 2004) (inmate's failure to comply with local rule requiring *pro se* prisoners to use court's forms to file action was not nonwillful, and inmate's failure to use required form supported dismissal of action).

Mr. Cosby will be given one final opportunity to file a second amended complaint on the Court-approved complaint form in compliance with the August 16 order and D.C.COLO.LCivR 8.1A., which requires that "[a] pro se party shall use the forms established by this court to file an action." In addition, the second amended complaint Mr. Cosby will be directed to file, whether handwritten or typed, shall be double-spaced and legible, in capital and lower-case letters, in compliance with D.C.COLO.LCivR 10.1E. and G. If Mr. Cosby fails to submit a second amended complaint that complies with the directives of this order and the August 16 order, the Court will dismiss the amended complaint and this action.

In addition, the Court has reviewed the amended complaint and finds that it is deficient because the amended complaint does not comply with the pleading

requirements of Rule 8 of the Federal Rules of Civil Procedure.  As Mr. Cosby was informed in the August 16 order, the twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate Rule 8.

  Mr. Cosby fails to provide a short and plain statement of his claims showing that he is entitled to relief.  Instead, he provides a thirty-one-page rambling recitation with confusing footnotes concerning an incident occurring on February 2, 2012, in which his cellmate, Charles Davis, allegedly stabbed him in the chest, leg, and arm, causing him to lose a significant amount of blood from his injuries.  He also complains that, before the attack, he had asked to be moved, apparently to another cell.  On the basis of these allegations, he asserts an Eighth Amendment claim of cruel and unusual punishment.

4

Finally, Mr. Cosby is suing an improper party. He may not sue the BOP in a *Bivens* action. The United States, as sovereign, is immune from suit unless it expressly consents to be sued. *United States v. Testan*, 424 U.S. 392, 399 (1976); *Bivens*, 403 U.S. at 410; *Ascot Dinner Theatre, Ltd. v. Small Business Admin.*, 887 F.2d 1024, 1027 (10th Cir. 1989).

For these reasons, Mr. Cosby will be ordered to file a second amended complaint on the Court-approved Prisoner Complaint form that provides a short and plain statement of each claim he is asserting and does not contain any footnoted comments if he wishes to pursue his claims in this action. The Court also will not consider any claims raised in separate amendments, supplements, motions, or other documents that are not included in the amended complaint. In order to state a claim in federal court, Mr. Cosby "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Cosby must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's

participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*See Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677). Therefore, in order to succeed in a *Bivens* or § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id.* at 1199.

Mr. Crosby may use fictitious names, such as Jane or John Doe, if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Crosby uses fictitious names he must provide sufficient information about each defendant so that each defendant can be identified for purposes of service.

Accordingly, it is

ORDERED that the clerk of the Court add the alias, Gregory D. Cosmo Cosby, to the docketing records for this case. It is

FURTHER ORDERED that Plaintiff, Gregory D. Cosby, **within thirty (30) days**

**from the date of this order**, file a second amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8(a) and this order.  It is

FURTHER ORDERED that Mr. Cosby shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Cosby fails to file a second and final amended complaint that complies with this order within the time allowed, the amended complaint and the action will be dismissed without further notice.

DATED September 27, 2012, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge