IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01995-PAB-KLM

GREGORY D. CROSBY, also known as Gregory D. Cosmo Cosby and Gregory Cosby,

    Plaintiff,

v.

C. NELSON, Sen. Officer Sp.,
S. HART, Sen. Officer Sp.,
J. SHORT, Sen. Officer,
LT. L. ANTHONY, Lt., Correctional Supv.,
JOHN DOE (N. Watch 12-8AM BA Unit),
R. KEMENA, Sen. Officer,
JOHN OR JANE DOE OF USP/FLX, and
MEDICAL SERVICES,

    Defendants.

## ORDER

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion for Appointment of Counsel** [Docket No. 17; Filed November 16, 2012] (the "Motion for Counsel") and Plaintiff's **Motion to Enforce Financial Custodian to Comply with Filing Fees Provision** [#18; Filed November 16, 2012] (the "Motion to Enforce"). No defendants have yet appeared in this action and thus no responses have been filed.

**I.     Motion for Counsel**

The Motion for Counsel requests that the Court appoint counsel to represent Plaintiff in this action. The Court does not have the power to appoint an attorney without his or her consent, *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 310 (1989), nor

does the Court have funds available to pay an attorney who agrees to represent an indigent litigant in a civil case. Nevertheless, the Court can seek volunteer counsel to represent a plaintiff if the Court determines in its discretion that is appropriate to do so. The Clerk of the Court maintains a list of *pro se* cases for which the Court is seeking volunteer counsel. Placement on this list does not mean that a plaintiff will automatically receive counsel. Rather, placement on the list results in representation being secured for the plaintiff only if an attorney <u>volunteers</u> to represent him. Because of the number of cases on the list and the shortage of volunteer attorneys, placement on the list frequently does not result in counsel being obtained. In such circumstances, despite placement of his case on the list, a *pro se* plaintiff remains responsible for litigating his case himself.

The Court will only seek volunteer counsel for a *pro se* plaintiff if a consideration of the following factors so warrants: (1) the merits of the plaintiff's claims; (2) the nature of the factual issues raised in the claims; (3) the plaintiff's ability to present his claims himself; and (4) the complexity of the legal issues raised. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (citing *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)). A further consideration is whether there exist any special circumstances such as those in *McCarthy v. Weinberg*, 753 F.2d 836, 837 (10th Cir. 1985), where the *pro se* plaintiff was confined to a wheelchair, had poor eyesight, suffered from a speech impediment and memory lapses, and had general difficulty in communications. *See Rucks*, 57 F.3d at 979.

In this case, Plaintiff has demonstrated his ability to frame facts and state claims for relief. *See Third Amended Complaint* [Docket No. 11]. Plaintiff alleges that he was stabbed repeatedly by his cell mate on February 3, 2012 and that the defendants acted with deliberate indifference to his safety. [#11] at 7-14. He further alleges that he was

denied proper medical care for his injuries. *Id.* at 14-15. The legal issues presented are not overly complex, novel, or particularly difficult to state or analyze. Moreover, Plaintiff has not presented any special circumstances such as those in *McCarthy*. *See Rucks*, 57 F.3d at 979.

The fact that Plaintiff's financial situation has made it difficult for him to obtain representation does not, by itself, warrant the need for volunteer counsel. Although mindful of the difficulties faced by *pro se* parties, courts and legislating bodies have made a distinction between civil and criminal cases regarding the necessity of counsel. *See, e.g.*, *Mallard*, 490 U.S. at 301 (1989) ("Congress did not intend § 1915[(e] to license compulsory appointments of counsel . . . ."); *Custard v. Turner*, No. 06-cv-01036-WYD-CBS, 2008 WL 4838564, at *1 (D. Colo. Nov. 6, 2008) (unpublished decision) (noting that the court is without statutory authority to commit federal funds to "require counsel to represent" an indigent civil litigant). Although there are extraordinary circumstances where fundamental due process concerns may demand that a plaintiff be provided with counsel, this Plaintiff's particular circumstances do not. Plaintiff chose to bring this civil action voluntarily knowing the limitations he would face due to his financial means and lack of legal training. To the extent that Plaintiff feels that he cannot bear the responsibility at this time, he may voluntarily dismiss his case without prejudice pursuant to Fed. R. Civ. P. 41(a). However, while the case is pending, it remains Plaintiff's legal obligation to comply with the Federal Rules of Civil Procedure, the Local Rules in this District, and all orders of this Court. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992). Accordingly, based on the foregoing and the entire record in this case,

IT IS HEREBY **ORDERED** that Plaintiff's Motion for Counsel [#17] is **DENIED**.

## II.    Motion to Enforce

In the Motion to Enforce, Plaintiff seeks an order from the Court directing the "financial custodian" at the correctional facility where he is housed to deduct the required funds from Plaintiff's prison account to make payments toward the filing fee. He claims he had the funds to make a payment toward the fee but the funds were deducted from his account for other purposes.

Magistrate Judge Boland issued an Order [#5] on August 2, 2012 directing Plaintiff to "make monthly payments to the court of twenty (20) percent of the preceding month's income credited to his account or show cause why he has no assets and no means by which to make each monthly payment." In addition, Plaintiff was "directed to make the necessary arrangements to have the monthly payments identified by the civil action number on this order." Thus, it is Plaintiff's responsibility to ensure that prison officials are submitting the monthly payments on his behalf.

Moreover, 18 U.S.C. § 1915(b)(2) states in pertinent part that with respect to the monthly payments, "[t]he agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid." Thus, an order from the Court directing prison officials to do that which the statute already requires them to do is unnecessary. Accordingly,

IT IS HEREBY **ORDERED** that the Motion to Enforce [#18] is **DENIED**.

DATED: December 17, 2012 at Denver, Colorado.

BY THE COURT:

*[signature]*

Kristen L. Mix
United States Magistrate Judge