IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01995-PAB-KLM

GREGORY D. CROSBY, also known as Gregory D. Cosmo Cosby and Gregory Cosby,

Plaintiff,

v.

C. NELSON, Sen. Officer Sp.,
S. HART, Sen. Officer Sp.,
J. SHORT, Sen. Officer,
LT. L. ANTHONY, Lt., Correctional Supv.,
JOHN DOE (N. Watch 12-8AM BA Unit),
R. KEMENA, Sen. Officer,
JOHN OR JANE DOE OF USP/FLX, and
MEDICAL SERVICES,

Defendants.

---

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendants'[1] **Motion for Summary Judgment** [Docket No. 28; Filed January 22, 2013] (the "Motion"). Plaintiff, who is proceeding *pro se*, filed a Response [#31] in opposition to the Motion on February 15, 2013. On March 1, 2013, Defendants filed a Reply [#33]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C.COLO.LCivR 72.1C, the Motion has been referred to this Court for a recommendation regarding disposition [#30]. The Court has reviewed the Motion, the Response, the entire case file, and the applicable law, and is sufficiently advised in the premises. For the

---

[1] "Defendants" means the named individual-capacity defendants: C. Nelson, S. Hart, J. Short, Lt. L. Anthony, and R. Kemena.

reasons set forth below, the Court respectfully **RECOMMENDS** that the Motion [#28] be **GRANTED**.

## I. Summary of the Case

Plaintiff is a *pro se* inmate currently confined at the Bureau of Prisons' ("BOP") U.S. Penitentiary in Florence, Colorado. *Motion* [#28] at 2. On July 30, 2012, Plaintiff filed a Complaint [#1] in which he brought suit against the United States pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b), asserting a claim of deliberate indifference. *Compl*. [#1] at 16. In the Complaint Plaintiff also sought relief under the Eighth Amendment. *Id*. Pursuant to a Court Order [#6], on September 7, 2012, Plaintiff filed an Amended Complaint [#8]. On October 9, 2012, Plaintiff filed his Second Amended Complaint, incorrectly titled Third Amended Complaint, which is the operative pleading for purposes of resolution of the Motion [#11]. In the Second Amended Complaint (hereinafter, "Amended Complaint") Plaintiff asserts Eighth Amendment *Bivens* claims against Defendants asserting that they were deliberately indifferent to Plaintiff's safety in that Plaintiff's cell mate was able to obtain a weapon and assault him on February 3, 2012. *Am. Compl*. [#11] at 7-9. Plaintiff also asserts that John Doe Defendants failed to provide him with adequate medical care. *Id*. at 14-15. Plaintiff seeks $300,000 in punitive damages and $400,000 in compensatory damages. *Id*. at 18.

Defendants contend that they are entitled to summary judgment because Plaintiff failed to exhaust his administrative remedies, as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), before filing this case. *Motion* [#28] at 1, 6-8.

## II. Standard of Review

The purpose of a motion for summary judgment pursuant to Fed. R. Civ. P. 56 is to assess whether trial is necessary. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Under Fed. R. Civ. P. 56(c), summary judgment shall be granted if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." An issue is genuine if the evidence is such that a reasonable jury could resolve the issue in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 277 U.S. 242, 248 (1986). A fact is material if it might affect the outcome of the case under the governing substantive law. *Id.*

The burden is on the movant to show the absence of a genuine issue of material fact. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670-71 (10th Cir. 1998) (citing *Celotex*, 477 U.S. at 323). When the movant does not bear the ultimate burden of persuasion at trial, the "movant may make its prima facie demonstration [of the absence of a genuine issue of material fact] simply by pointing out to the [C]ourt a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Id.* at 671. If the movant carries the initial burden of making a *prima facie* showing of a lack of evidence, the burden shifts to the nonmovant to put forth sufficient evidence for each essential element of his claim such that a reasonable jury could find in his favor. *See Anderson*, 277 U.S. at 248; *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999). The nonmovant must go beyond the allegations and denials of his pleadings and provide admissible evidence, which the Court views in the light most favorable to him. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Panis v. Mission*

*Hills Bank, N.A.*, 60 F.3d 1486, 1490 (10th Cir. 1995) (citing *Celotex*, 477 U.S. at 324). Conclusory statements based merely on conjecture, speculation, or subjective belief are not competent summary judgment evidence. *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004). The nonmoving party's evidence must be more than "mere reargument of [his] case or a denial of an opponent's allegation" or it will be disregarded. *See* 10B Charles Alan Wright, *et al.*, Federal Practice and Procedure § 2738 at 356 (3d ed.1998).

When considering Plaintiff's Amended Complaint [#11] and Response [#31], the Court is mindful that it must construe the filings of a *pro se* litigant liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be a *pro se* litigant's advocate, nor should it "supply additional factual allegations to round out his complaint or construct a legal theory on [his] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, *pro se* litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

## III. Analysis

### A. Failure to Exhaust

Defendants contend that they are entitled to summary judgment in their favor because undisputed facts demonstrate that Plaintiff failed to exhaust his administrative remedies before filing this case as required by the PLRA. *Motion* [#28] at 1, 6-8. The PLRA requires that administrative remedies relating to a claim regarding prison conditions must first be exhausted before a prisoner may challenge those conditions by filing suit. *Porter v. Nussle*, 534 U.S. 516, 520 (2002) ("1997e(a)'s exhaustion requirement applies to

all prisoners seeking redress for prison circumstances or occurrences.”). Specifically, the exhaustion provision states:

> No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983] of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

“There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court.” *Jones v. Bock*, 549 U.S. 199, 211 (2007); *Woodford v. Ngo*, 548 U.S. 81, 84 (2006) (“Exhaustion is no longer left to the discretion of the district court, but is mandatory.”). However, the burden is not on the plaintiff to sufficiently plead exhaustion or attach exhibits to the complaint proving exhaustion. *Jones*, 549 U.S. at 215. Rather, the burden is on the defendant to assert the failure to exhaust in a dispositive motion. Here, Defendants’ failure to exhaust defense is analyzed pursuant to Fed. R. Civ. P. 56. As such, if the evidence presented does not create a genuine issue of material fact as to whether Plaintiff’s claims against Defendants were properly exhausted, the Amended Complaint [#11] must be dismissed without prejudice. *Arocho v. Lappin*, No. 07-cv-02603-REB-KLM, 2011 WL 2292187, at *8 (D. Colo. Apr. 21, 2011) (citing *Fields v. Okla. State Penitentiary*, 511 F.3d 1109, 1113 (10th Cir. 2007) (noting that dismissal of unexhausted claims on summary judgment should be without prejudice)); *cf. Kikumura v. Osagie*, 461 F.3d 1269, 1290 (10th Cir. 2006) (recognizing that dismissal of untimely grievance should be with prejudice), *overruled in part on other grounds as recognized in Robbins v. Oklahoma*, 519 F.3d 1242, 1246-47 (10th Cir. 2008)).

The prison facility is tasked with the responsibility of establishing grievance procedures. *Jones*, 549 U.S. at 218 (“[I]t is the prison's requirements, not the PLRA, that

define the boundaries of proper exhaustion."). Defendants argue that Plaintiff failed to exhaust his administrative remedies because he failed to follow the four-step administrative remedy process established by the BOP. *Motion* [#28] at 6-8; *Decl. of Kara Lundy* [#28-1] at ¶ 13; *see also* 28 C.F.R.§542.10 *et seq*.

The BOP grievance procedures applicable to this case are described in the Declaration of Kara Lundy, a Senior Attorney at the United States Department of Justice. *Decl. of Kara Lundy* [#28-1] at ¶¶ 4-7. Pursuant to the BOP's grievance policy, inmates must grieve any alleged injuries or unlawful conduct by pursuing a four-step process: (1) the inmate must attempt informal resolution with prison staff; (2) after receiving a response from the prison staff, the inmate must appeal the response to the warden; (3) upon completion of the warden's review, the inmate must appeal the warden's decision to the BOP regional director; and (4) finally, the inmate must fully exhaust his administrative remedies by appealing the regional director's decision to the BOP General Counsel's Office in Washington, D.C. *Id.* at ¶¶ 5-6; *see also Steele v. Fed. Bureau of Prisons*, 100 F. App'x 773, 775 (10th Cir. 2004). Each step of this process ordinarily must be completed within a certain time period or the inmate's grievance is considered waived. *Id*.; *Steele*, 100 Fed. App'x at 775.

Defendants presented evidence that Plaintiff filed seven administrative remedy requests ("ARs") since February 3, 2012, but none pertain to Plaintiff's allegations against Defendants in the Amended Complaint. *Decl. of Kara Lundy* [#28-1] at ¶¶ 12-25. AR 707556-F1 was filed on September 27, 2012 and alleges issues with prison staff conduct including turning Plaintiff's lights off, denial of access to the law library, and denial of a razor. *Id*. Attach. 1 at 53-57. In October 2012, Plaintiff attempted to refile a grievance

relating to allegations of the same improper prison staff conduct. *Id.* ¶¶ 15-16. In AR 707556-F2, Plaintiff further alleged that he was not issued his evening meal and the prison staff were disrespectful and made racist comments to him. *Id.* Attach. 2 at 52. AR 707556-FI was denied and the appeal, AR 70756-F2, was also denied. *Id.* Attach. 2 at 49-51. On or about November 13, 2012, Plaintiff filed AR 712147-F1 seeking copies of Discipline Hearing Officer reports, but his request was rejected for procedural reasons. *Id*. ¶ 17. His appeal, AR 712147-F2 was also rejected on procedural grounds. *Id*. ¶ 18. In AR 712147-R1, Plaintiff appealed that decision. *Id*. ¶ 19. On or about November 20, 2012, Plaintiff filed AR 712919-F1, requesting extended hours in the law library. *Id*. ¶ 20. That request was denied. *Id*. Plaintiff appealed the denial of his request through AR 712919-R1. *Id*. ¶ 21. In December 2012, Plaintiff filed AR 714655-FI based on allegations relating to prison staff conduct. *Id.* Attach. 3 at 60-64. He alleged that prison staff denied him access to the law library and used derogatory language when speaking to him. *Id*. None of these ARs address Plaintiff's complaints against Defendants.

However, Plaintiff indicates in his Amended Complaint that he exhausted his administrative remedies and attaches an exhibit to his Amended Complaint relating to denial of an administrative tort claim. *See Am. Compl*. at 16 (checking box to indicate that Plaintiff exhausted available administrative remedies and stating "see certified denial of FCTA claim . . ."), Ex. B. On February 15, 2012, Plaintiff filed his administrative tort claim pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 *et seq*. *See Decl. of Kara Lundy* [#28-1] at ¶¶ 23-25, Attach. 4 at 68-72. Plaintiff's FTCA claim related directly to the allegations in the Amended Complaint. *Id*. Attach. 4 at 68-72. Specifically, Plaintiff alleged that on February 3, 2012 at approximately 5:00 a.m. he was attacked by

his cell mate and that the conduct of prison employees was "an issue of deliberate indifference as to security." *Id*. Attach. 4 at 71. Plaintiff did not include any allegations relating to the medical care he received on February 3, 2012. On June 28, 2012, the administrative claim was denied. *Id*. at ¶ 25, Attach. 5.

Contrary to Plaintiff's assertion, the PLRA's exhaustion requirement is not met by exhausting an FTCA claim. *See, e.g., McNeil v. United States*, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."); *Steele*, 100 Fed. App'x at 776 ("[F]iling an FTCA claim would not exempt [an inmate] from the PLRA exhaustion requirement . . ."); *Macias v. Zenk*, 495 F.3d 37, 44 (2d Cir. 2007) ("[Plaintiff] . . . cannot satisfy the PLRA's exhaustion requirement by filing . . . administrative tort claims). In fact, the FTCA specifically "provides that an 'action shall not be instituted upon a claim against the United States for money damages' unless the claimant has first exhausted his administrative remedies." *McNeil*, 508 U.S. at 107 (quoting the FTCA, 28 U.S.C. § 2675(a)).

The Court therefore finds that Defendants have met their initial burden of making a *prima facie* showing that Plaintiff failed to properly exhaust his administrative remedies with BOP. The burden therefore shifts to Plaintiff to show the existence of a genuine factual dispute about whether he properly exhausted. To carry this burden, Plaintiff "must respond with specific facts demonstrating genuine issues requiring resolution at trial." *Conaway v. Smith*, 853 F.2d 789, 792 n.4 (10th Cir. 1988). Plaintiff's Response[2] [#31] fails to

[2] The Court notes that Plaintiff's Response is entitled "Plaintiff's Cross-Partial Summary Judgment Motion and Responses [sic] in Opposition to Defendants [sic] Motion for Summary Judgment" and that in the Response, Plaintiff requests that the Court enter partial summary judgment in his favor. Pursuant to D.C.COLO.LCivR 7.1, "A motion shall not be included in a response or reply to the original motion. A motion shall be made in a separate paper." Accordingly, for purposes of this Recommendation, the Court considers only the portions of the

demonstrate that any genuine, material factual disputes exist relating to his exhaustion of administrative remedies regarding the events of February 2-3, 2012. Plaintiff contends that "[a] material fact exist [sic] because Plaintiff was stabbed severely, and [D]efendants have not present [sic] no [sic] evidence to disputed [sic] it." *Resp*. [#31] at 4. Plaintiff goes on to argue that his FTCA claim constituted "use [of] the available remedy" as required by the PLRA.[3] *Id*. at 10. However, as discussed above, a FTCA claim does not satisfy the PLRA's exhaustion requirement. *See, e.g., McNeil*, 508 U.S. at 113 ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."). In this case, the Court finds that Plaintiff has not carried his burden of showing that a genuine factual dispute exists as to whether he exhausted his administrative remedies.

The Court therefore finds that there is no evidence that Plaintiff satisfied the BOP's administrative process. Because exhaustion is mandatory and unexhausted claims may not be brought in court, *Jones*, 549 U.S. at 211, and because Plaintiff has failed to present evidence creating a genuine issue of material fact as to whether this claim against Defendants was properly exhausted, the Court concludes that Defendants are entitled to entry of summary judgment in their favor and that Plaintiff's claims should be dismissed without prejudice. *See Arocho*, 2011 WL 2292187, at *8 (citing *Fields*, 511 F.3d at 1113 (noting that dismissal of unexhausted claims on summary judgment should be without prejudice)).

Accordingly, the Court **recommends** that Defendants' Motion [#28] be **granted**.

---

Response [#31] that respond to the Motion [#28].

[3] Plaintiff states that exhaustion of available administrative remedies is required by 42 U.S.C. § 1997c(a) and later relies on § 1997e(c), but for purposes of considering his Response and the Motion, the Court will consider his argument to be premised upon 42 U.S.C. § 1997e(a).

**B. John Doe Defendants**

"[P]ursuant to Fed. R. Civ. P. 10(a), a caption to a complaint must include the names of all parties." *Culp v. Williams*, Civil Action No. 10-cv-00886-CMA-CBS, 2011 WL 1597686, at * (D. Colo. April 27, 2011) ("Culp I"), *aff'd*, 456 Fed. App'x 718 (10th Cir. 2012) ("Culp II") (unpublished decision). The "Federal Rules of Civil Procedure do not explicitly allow the naming of fictitious or anonymous parties in a lawsuit [therefore,] 'an action may be dismissed if the defendant is not sufficiently identified to permit service of process.'" *Culp I*, 2011 WL 1597686, at *3 (quoting *Stratton v. City of Boston*, 731 F.Supp. 42, 45 (D. Mass. 1989)); *see also* 2 James Wm. Moore *et al.*, Moore's Federal Practice § 10.02[2][d] at 10-16 (3d ed. 2010) ("The court will not permit use of the 'Doe' designation for a defendant if the plaintiff's ignorance of the defendant's true identity is the result of willful ignorance or lack of reasonable inquiry. If reasonable inquiry would have revealed the true identity, a pleading naming John Doe defendants will be dismissed.").

Here, Plaintiff filed suit on July 30, 2012 [#1]. He has amended his complaint twice [##8, 11] but has never modified his complaint with the names of the individuals he named as John Doe defendants. The Court recognizes that Plaintiff has not had the benefit of discovery in this case "which could disclose the exact identity of the [individuals] whom plaintiff" has identified as John Doe Defendants. *Saffron v. Wilson*, 70 F.R.D. 51, 56 (D.D.C. 1975) (denying motion to dismiss John Doe defendants for failure to identify the individuals prior to discovery but dismissing plaintiff's *Bivens* claims because they were precluded by federal statute), *aff'd in part and rev'd in part on other grounds*, 333 F.3d 273 (D.C. Cir. 2003). The Court should only allow claims against parties whose names are unknown to proceed "if the complaint makes allegations specific enough to permit the

identity of the party to be ascertained after reasonable discovery." *Hartley v. Wilfert*, --- F.Supp.2d ---, 2013 WL 1154227, at *2 (D.D.C. March 21, 2013). In the Amended Complaint, Plaintiff fails to include any detail regarding Defendant John or Jane Doe of USP/FLX which would help identify the underlying individuals. Instead, he makes general allegations that these individuals did not provide adequate medical care after he was injured by his cell mate. *Am. Compl*. [#11] at 14-15. Plaintiff does allege that Defendant John Doe (N. Watch) 12-8 a.m. (BA) Unit was working the 12:00 a.m. to 8:00 a.m. shift in the "BA Unit." *Id.* at 4.

In the case at hand, the Court need not engage in an analysis of the sufficiency of the allegations against the John Doe Defendants because Plaintiff's allegations against the John Doe Defendants rely on the same underlying factual allegations asserted against the named Defendants. *Id*. at 10-12, 14-15. As established above, Plaintiff has not exhausted his administrative remedies with respect to these claims. As a result, Plaintiff's claims against the John Doe Defendants cannot survive at this point even if he is eventually able to name the appropriate individuals. Accordingly, the Court **recommends** that Plaintiff's claims against Defendant John or Jane Doe of USP/FLX and Defendant John Doe (N. Watch) 12-8 a.m. (BA) Unit be **dismissed without prejudice**. *See Culp II*, 456 Fed. App'x at 720 (affirming dismissal of claims against John Doe defendants); *Culp I*, 2011 WL 1597686, at *4 (dismissing claims against John Doe defendants "due to Plaintiff's failure to identify properly these Defendants and to exhaust his administrative remedies in connection with these claims").

**C. Defendant Medical Services**

Defendant Medical Services was served and is a proper party to this action [#23].

In the Motion, Defendants' counsel makes clear that the Motion is not filed on behalf of Defendant Medical Services, but also states that, "Medical Services is not a proper *Bivens* defendant" and cites to *Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 72 (2001), in support of this proposition. *Motion* [#28] at 1 n.1. As an initial matter, the Court notes that despite being a proper party, Defendant Medical Services has failed to respond to the Amended Complaint and counsel's reference to Defendant Medical Services in a footnote in a dispositive motion filed on behalf of other Defendants is not a proper mechanism for seeking relief from the Court. Nevertheless, in the interest of judicial economy and efficiency, the Court will address the claim asserted against Defendant Medical Services.

A *Bivens* claim cannot be asserted against "a private corporation operating . . . under contract with the [BOP]." *Correctional Servs. Corp.*, 534 U.S. at 63; *Menteer v.* Applebee, 196 Fed. App'x 624, 627 (10th Cir. 2006); *Strandlof v. RRK Enters., Inc.*, Civil Action No. 10-cv-01060-BNB, 2010 WL 2540102, at *2 (D. Colo. June 22, 2010) ("the only proper defendant in a *Bivens* action is a federal official or agent, not a private corporation") (citing to *Correctional Servs. Corp*, 534 U.S. at 61). Here, Defendant Medical Services has made no showing of its status as a private entity. However, the Supreme Court has made clear that *Bivens* "is concerned solely with deterring the unconstitutional acts of individual officers," not the actions of entities. *Correctional Servs. Corp*, 534 U.S. at 71. Therefore, regardless of the private or public status of Defendant Medical Services, Plaintiff's attempt to assert a *Bivens* claim against the entity must fail. Further, as analyzed above, Plaintiff has not exhausted his administrative remedies. As a result, his claim against Defendant Medical Services also fails on that ground. Accordingly, the Court **recommends** that Plaintiff's claim against Defendant Medical Services be **dismissed without prejudice**.

## IV. Conclusion

For the foregoing reasons, the Court respectfully **RECOMMENDS** that the Motion [#28] be **GRANTED**.

The Court further **RECOMMENDS** that the Amended Complaint be **DISMISSED without prejudice**. *See Fields*, 511 F.3d at 1113 (stating that dismissal of unexhausted claims on summary judgment should be without prejudice).

IT IS HEREBY **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: May 9, 2013

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge