IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 12-cv-01995-PAB-KLM

GREGORY D. CROSBY, also known as
GREGORY CROSBY, also known as
GREGORY D. COSMO COSBY,

      Plaintiff,

v.

C. NELSON, Sen. Officer,
S. HART, Sen. Officer,
J. SHORT, Sen. Officer,
LT. L. ANTHONY, Correctional Sup.,
JOHN DOE (N. WATCH),
R. KEMENA, Sen. Officer,
JOHN OR JANE DOE, and
MEDICAL SERVICES,

      Defendants.

---

## ORDER

---

This matter is before the Court on the Recommendation of United States

Magistrate Judge (the "Recommendation") [Docket No. 38] filed on May 9, 2013.  The

magistrate judge recommends that the Court grant the Motion for Summary Judgment

[Docket No. 28] filed by defendants C. Nelson, S. Hart, J. Short, Lt. L. Anthony, and R.

Kemena.[1]  On May 20 and May 24, 2013, plaintiff Gregory D. Crosby filed timely

objections [Docket Nos. 39, 41] to the Recommendation.  Therefore, the Court will

---

[1]Defendants move for summary judgment on plaintiff's individual capacity claims
brought pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*,
403 U.S. 388 (1971).  Docket No. 28 at 1 n. 1.

"determine de novo any part of the magistrate judge's disposition that has been properly objected to."[2]  Fed. R. Civ. P. 72(b)(3).

The Recommendation concluded that plaintiff could not pursue his Eighth Amendment claims against defendants because plaintiff did not exhaust his administrative remedies as required by the Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e *et seq*.  Docket No. 38 at 6-7.  Specifically, the Recommendation found that, although plaintiff filed seven Bureau of Prisons ("BOP") administrative remedy requests after the incident on February 3, 2012, none of plaintiff's administrative requests addressed defendants' alleged deliberate indifference to a substantial risk of harm to plaintiff's safety or the John Doe defendants' failure to provide adequate medical care.  *Id*. at 7.

Plaintiff does not raise any specific objections to this aspect of the recommendation.  *See* Docket Nos. 39, 41; *United States v. 2121 East 30th St*., 73 F.3d 1057, 1060 (10th Cir. 1996) (noting that "objections to [a] magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court").  In the absence of an objection, the Court may review a magistrate judge's recommendation under any standard it deems appropriate.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("[i]t does not appear that Congress intended

---

[2]Because the Recommendation contains a detailed statement of the case, the Court will only discuss the facts relevant to the resolution of plaintiff's objections.  In light of plaintiff's pro se status, the Court reviews his filings liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 n. 3 (10th Cir. 1991).

to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings"). Upon review, the Court finds no error with this aspect of the Recommendation. Fed. R. Civ. P. 72(b).

Second, the Recommendation determined that plaintiff's exhaustion of a claim pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680, was insufficient to satisfy the PLRA's exhaustion requirement. Docket No. 38 at 8-9. The Recommendation concluded that, because filing an FTCA claim does not satisfy the PLRA's exhaustion requirement, plaintiff failed to present any evidence creating a genuine issue of material fact with regard to exhaustion.[3] *Id.* at 9.

Plaintiff objects to this aspect of the Recommendation, arguing that he chose to pursue his FTCA claim, rather than follow the BOP's administrative remedy process under 28 C.F.R. § 542.10 *et seq.*, because he could only recover money damages under the FTCA. *See* Docket No. 41 at 3-5; Docket No. 31 at 11 (explaining that he pursued an FTCA claim because the grievance procedures available under 28 C.F.R. §§ 542.10 *et seq.* did not provide for money damages). In support, plaintiff cites *Davis v. Corrs. Corp. of Am.*, 463 F. App'x 748 (2012), wherein the Tenth Circuit held that the PLRA does not require that a prisoner exhaust unavailable administrative remedies. *Id.* at 750. The Court finds this argument unconvincing.

─────────────────────

[3]The Recommendation did not consider plaintiff's motion for summary judgment because plaintiff included the motion in his response. Docket No. 38 at 8. Plaintiff has not raised any specific objections to this finding. *See* Docket Nos. 39, 41. Accordingly, the Court finds no error with this aspect of the Recommendation. Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

In *Tuckel v. Grover*, 660 F.3d 1249, 1252 (10th Cir. 2011), the Tenth Circuit found that prisoners were exempt from the PLRA's exhaustion requirements so long as an administrative remedy is not "available." The Tenth Circuit explained that an administrative remedy is not available under the PLRA if "prison officials prevent, thwart, or hinder a prisoner's efforts to avail himself of [the] administrative remedy." *Id*. (citation omitted). Based on this principle, the Tenth Circuit stated that, before finding that a prisoner failed to exhaust administrative remedies, courts must ensure that a failure to exhaust was not the result of "action or inaction of prison officials." *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007); *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) (holding that a prison official's failure to respond to a grievance within the prescribed time limit renders an administrative remedy unavailable).

In this case, plaintiff chose to pursue his FTCA claim, rather than the BOP's administrative remedies, because he believed that he could not recover monetary damages under the BOP's grievance procedures. Docket No. 31 at 11. However, plaintiff's decision to pursue his claim under the FTCA does not render the BOP's administrative remedies unavailable. Plaintiff does not allege that defendants made his administrative remedies unavailable by threatening, intimidating, or otherwise restricting his ability to file a grievance. *Tuckel*, 660 F.3d at 1253-54. Instead, the record indicates that plaintiff could have pursued both his BOP administrative remedies and the FTCA claim contemporaneously, but did not do so. *See, e.g., Trentadue v. United States*, 397 F.3d 840, 858-59 (10th Cir. 2005) (noting that a plaintiff can pursue his

4

*Bivens* and FTCA claims in the same action even if they "involved the same subject matter"). Thus, because there is no evidence in the record showing that the actions or inactions of the prison officials thwarted or otherwise hindered plaintiff's ability to exhaust his BOP administrative remedies, the Court rejects plaintiff's argument that the administrative process was unavailable.[4] *Jernigan*, 304 F.3d at 1032. Moreover, because filing an FTCA claim is insufficient to satisfy the PLRA's exhaustion requirements, *see Macias v. Zenk*, 495 F.3d 37, 44 (2d Cir. 2007); *Steele v. Fed. Bureau of Prisons*, 100 F. App'x 773, 776 (10th Cir. 2004), plaintiff has not shown that he exhausted his administrative remedies. The Court finds no error with this aspect of the Recommendation. *Jones v. Bock,* 549 U.S. 199, 216 (2007).

Third, the Recommendation concluded that, although plaintiff did not have the benefit of discovery, the John Doe defendants should be dismissed from this case because plaintiff did not exhaust his administrative remedies for both of his Eighth Amendment claims and, therefore, his claims against the John Doe defendants would not survive a motion to dismiss. Docket No. 38 at 10-11.

---

[4]In his response to the motion for summary judgment, plaintiff states that, on February 5, 2012, he made a request to Warden Charles Daniels and the operations warden about the assault, but received no response. Docket No. 31 at 18, ¶ 8. However, because plaintiff's informal requests to Warden Daniels and the operations warden are not a part of the BOP's official grievance process, they do not constitute a basis for exhaustion. *See Woodford v. Ngo*, 548 U.S. 81, 93 (2006) (noting that the benefits of exhaustion can be realized only if the prison is given a fair opportunity to consider the grievance); *Thomas v. Parker*, 609 F.3d 1114, 1118 (10th Cir. 2010) (noting that the benefits of exhaustion can be realized only if the grievant complies with the system's critical procedural rules); *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) (noting that "the doctrine of substantial compliance does not apply" to PLRA exhaustion).

Plaintiff does not specifically object to this aspect of the Recommendation and stated in his response to defendants' motion for summary judgment that he cannot proceed with his claims against the John Doe defendants without discovery.  *See* Docket No. 31 at 11-13.  Because plaintiff did not exhaust his administrative remedies with regard to his Eighth Amendment claims, the Court agrees with the Recommendation's finding that plaintiff cannot maintain those claims against the John Doe defendants.  *See Jones*, 549 U.S. at 211 ("[t]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court").  Accordingly, the Court finds no error with this aspect of the Recommendation.  *See Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir. 2006) (noting that dismissal is proper only if "it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim."); *Gee v. Pacheco*, 627 F.3d 1178, 1195 (10th Cir. 2010) (noting that dismissal of a pro se complaint is proper where it is obvious that plaintiff cannot prevail on the facts as alleged and it would be futile to give him an opportunity to amend).

Finally, the Recommendation found that, although defendant Medical Services had been served with process, plaintiff's claims against Medical Services should be dismissed because plaintiff cannot assert a *Bivens* claim against a private corporation. Docket No. 38 at 12.  Plaintiff did not specifically object to this aspect of the Recommendation.  *See* Docket Nos. 39, 41.

Because dismissal of plaintiff's claims against Medical Services was not properly raised through defendants' motion for summary judgment, *see Farrell v. Burke*, 449

6

F.3d 470, 495 (2d Cir. 2006) ("Federal courts as a general rule allow litigants to assert only their own legal rights and interests, and not the legal rights and interests of third parties."); *cf. Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nigeria*, 265 F.R.D. 106 (S.D.N.Y. 2010) (noting that co-defendants do not have standing to assert improper service claims on behalf of other defendants), the Court finds that it is inappropriate to dismiss Medical Services from this case without first providing plaintiff an opportunity to respond other than through an objection.

For the foregoing reasons, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 38] is **ACCEPTED** in part and **OVERRULED** in part.  It is further

**ORDERED** that the Defendants' Motion for Summary Judgment [Docket No. 28] is **GRANTED**.  It is further

**ORDERED** that plaintiff's Eighth Amendment claims against defendants C. Nelson, S. Hart, J. Short, Lt. L. Anthony, John Doe (N. Watch), R. Kemena, and the John Does are dismissed without prejudice.  It is further

**ORDERED** that, no later than Wednesday, August 16, 2013, plaintiff shall show cause why his claims against defendant Medical Services should not be dismissed for the reasons identified in the Recommendation and for failure to prosecute pursuant to D.C.COLO.LCivR 41.1.

DATED July 26, 2013.

BY THE COURT:

 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge