IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 12-cv-01995-PAB-KLM

GREGORY D. CROSBY, also known as
GREGORY CROSBY, also known as
GREGORY D. COSMO COSBY,

    Plaintiff,

v.

C. NELSON, Sen. Officer,
S. HART, Sen. Officer,
J. SHORT, Sen. Officer,
LT. L. ANTHONY, Correctional Sup.,
JOHN DOE (N. WATCH),
R. KEMENA, Sen. Officer,
JOHN OR JANE DOE, and
MEDICAL SERVICES,

    Defendants.

## ORDER

This matter is before the Court on Plaintiff's Supplemental Out of Time Motion/Notice to Court on PLRA Exhaustion [Docket No. 46] filed by plaintiff Gregory D. Crosby. In light of plaintiff's pro se status, the Court construes his filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 n. 3 (10th Cir. 1991).

Plaintiff is an inmate confined at the United States Penitentiary in Florence, Colorado. On July 30, 2012, plaintiff filed this action. Docket No. 1. Plaintiff claims that, as a result of correctional officers' failure to confiscate a weapon, plaintiff's cell mate assaulted him on February 3, 2012. Docket No. 1 at 10-13. Plaintiff claims that

defendants were deliberately indifferent to plaintiff's safety and failed to provide plaintiff with adequate medical care.[1]  Docket No. 11 at 7-9, 14-15.  Defendants moved for summary judgment, claiming that plaintiff failed to exhaust administrative remedies under the Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S. C. § 1997e *et seq.* Docket No. 28.  On May 9, 2013, the Recommendation of United States Magistrate Judge concluded that defendants' motion for summary judgment should be granted and plaintiff's claims should be dismissed without prejudice.  Docket No. 38 at 13.  On July 26, 2013, the Court adopted in part the magistrate judge's recommendation and dismissed without prejudice defendants C. Nelson, S. Hart, J. Short, Lt. L. Anthony, John Doe (N. Watch), R. Kemena, and the John Doe defendants.  Docket No. 45 at 7. Specifically, the Court adopted the recommendation's conclusion that "although plaintiff filed seven [BOP] administrative remedy requests after the incident on February 3, 2012, none of plaintiff's administrative requests addressed defendants' alleged deliberate indifference to a substantial risk of harm to plaintiff's safety or the John Doe defendants' failure to provide adequate medical care."  Docket No. 45 at 2.

On July 31, 2013, the Clerk of Court filed the instant motion.  Docket No. 46. However, it appears that plaintiff signed and mailed his motion on July 25, 2013.  *Id.* at 4.  Plaintiff asserts that he submitted an administrative remedy request, Administrative Remedy 742758, to the prison warden.[2]  *Id.* at 1-2.  Based on the copy of the Request

---

[1]Because a detailed statement of the case has been set forth elsewhere [*see* Docket No. 38 at 2], the Court will only discuss the facts relevant to the resolution of plaintiff's motion.

[2]The Federal BOP administrative process to redress inmate grievances is codified at 28 C.F.R. §§ 542.10 *et seq.* and sets out a four-level process.  The first level

for Administrative Remedy attached to plaintiff's motion and the declaration of Kara Lundy, senior attorney at the United States Department of Justice, Federal Bureau of Prisons, it appears that Administrative Remedy 742758 was filed on July 17, 2013. *Id.* at 6; Docket No. 48-1 at 6-7, ¶ 16.  Administrative Remedy 742758 mentions the incident on February 3, 2012 and alleges improper medical care and deliberate indifference on the part of correctional officers.  Docket No. 46 at 6.  The warden denied Administrative Remedy 742758 and plaintiff filed an appeal with the regional office.  Docket No. 46 at 1-2.  Plaintiff seeks to notify the Court that Administrative Remedy 742758 is pending and asks the Court to defer entering an order on summary judgment pending the exhaustion of plaintiff's administrative appeals. *Id.* at 3-4. Defendants argue that plaintiff failed to exhaust administrative remedies before filing suit and that Administrative Remedy 742758 was rejected as untimely at both the F-1 and R-1 levels.  Docket No. 48 at 2-3; Docket No. 48-1 at 58, 60.

      As a threshold matter, plaintiff does not indicate how the Court should construe his motion.  Defendants argue that, because plaintiff's motion was not filed until after the Court entered its Order granting summary judgment, plaintiff's motion should be

---

is informal resolution with prison staff.  28 C.F.R. § 542.13(a).  Requests for Informal Resolution Forms are not assigned a remedy identification number and are not tracked. If unable to resolve the complaint informally, the inmate may then submit an administrative remedy request to the Warden (a BP-9 request).  28 C.F.R. § 542.14.  At this second level, the requests are assigned a remedy identification number and an F-1 extension.  The third level of the administrative process involves filing an appeal at the regional level (a BP-10 request), which is assigned an R–1 extension.  *See* 28 C.F.R. § 542.15(a).  The fourth and final level of appeal is to the Director of National Inmate Appeals in the Office of the General Counsel in Washington, D.C. (a BP-11 request) and is assigned an A-1 extension.  *See* 28 C.F.R. § 542.15(a).

construed as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e). Docket No. 48 at 2. However, because plaintiff signed the motion one day prior to the Court entering its Order granting summary judgment and because plaintiff asks the Court to defer deciding defendant's motion for summary judgment, plaintiff's motion could also be construed as a motion pursuant to Rule 56(d), which allows plaintiff to ask the Court to defer ruling on summary judgment until such time as plaintiff can obtain the facts essential to justify his opposition. See Fed. R. Civ. P. 56(d).[3] The Court need not decide how to properly characterize plaintiff's motion because plaintiff's motion fails under both Rule 56(d) and Rule 59(e).

Despite the fact that plaintiff filed this case on July 30, 2012, plaintiff appears to argue that Administrative Remedy 742758, filed July 17, 2013, is sufficient to satisfy the PLRA's administrative exhaustion requirement.[4] Docket No. 46 at 2-3. The PLRA directs that "[n]o action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *Porter v. Nussle*, 534 U.S. 516, 532 (2002).[5] A remedy is not exhausted if the prisoner fails to

---

[3] It appears that plaintiff failed to raise an argument under Rule 56(d) in his response to defendants' motion for summary judgment or in his objections to the Recommendation; thus, to the extent plaintiff's motion can be construed as a motion under Rule 56(d), plaintiff's argument is untimely and considered waived. See *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) (holding that theories raised for the first time in objections to the magistrate judge's recommendation are deemed waived).

[4] For the purposes of deciding this motion, the Court assumes that Administrative Remedy 742758 sufficiently addresses the subject matter of the claims that form the basis of this case.

[5] The exhaustion requirement is an affirmative defense, which defendant bears the burden of proving. *Jones v. Bock*, 549 U.S. 199, 216 (2007); *Roberts v. Barreras*, 484 F.3d 1236, 1240-41 (10th Cir. 2007). Moreover, exhaustion of administrative

4

follow prison procedures for pursuing administrative remedies. *Woodford v. Ngo*, 548 U.S. 81, 95 (2006). The Supreme Court has interpreted the PLRA as requiring prisoners "to exhaust prison grievance procedures *before filing suit*." *Jones v. Bock*, 549 U.S. 199, 202 (2007) (emphasis added). "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Id.* at 211. This requirement is consistent with the purpose of the PLRA to "eliminate unwarranted federal-court interference with the administration of prisons" and "'affor[d] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.'" *Woodford*, 548 U.S. at 93 (quoting *Porter v. Nussle*, 534 U.S. 516, 525 (2002)).

The Tenth Circuit, in an unpublished decision, held that because exhaustion is "a precondition to *filing* a suit, an action brought before administrative remedies are exhausted must be dismissed without regard to concern for judicial efficiency." *Ruppert v. Aragon*, 448 F. App'x 862, 863 (10th Cir. 2012) (unpublished) (emphasis in original). As such, although the prison finished its review of the incident giving rise to the plaintiff's claim by the time plaintiff's case was "ripe for decision," plaintiff's claim was properly dismissed for failure to exhaust administrative remedies. *Id.*; *see also Herrera v. Cnty. of Santa Fe.*, 79 F. App'x 422, 424 (10th Cir. 2003) ("Herrera was required under the PLRA to exhaust his administrative remedies before bringing this § 1983 action"). Plaintiff provides no authority indicating that he can satisfy the PLRA's

---

remedies under the PLRA is a question of law for the Court to decide. *Drippe v. Tobelinski*, 604 F.3d 778, 781 (3d Cir. 2010).

administrative exhaustion requirement by filing an administrative remedy request after filing his complaint. Thus, Administrative Remedy 742758 is plainly irrelevant to the question of whether plaintiff exhausted his administrative remedies before filing this case in July 2012 and is not a basis upon which the Court can allow plaintiff's claims to proceed. *See Ruppert*, 448 F. App'x at 863.

Moreover, an "inmate who begins the grievance process but does not complete it is barred from pursuing a . . . claim under the PLRA for failure to exhaust his administrative remedies." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002). Even if plaintiff's administrative remedy request was timely, plaintiff provides no indication that he has completed the grievance process and complied with the appropriate procedural rules.[6] Rather, plaintiff indicates only that the appeal at the regional level will be completed in an expedited matter or within 45 days. Docket No. 46 at 2. Plaintiff's representation is insufficient to show that Administrative Remedy 742758 is complete.

The Court finds that, assuming an argument pursuant to Rule 56(d) were timely,

---

[6]Inmates must submit a formal Administrative Remedy Request within "20 calendar days following the date on which the basis for the Request occurred." 28 C.F.R. § 542.14. "Proper exhaustion demands compliance with an agency's deadlines." *Woodford v. Ngo*, 548 U.S. 81, 91 (2006). Failure to comply with such procedural requirements does not allow a prisoner to bypass the PLRA's exhaustion requirement. *Id.* at 95. The Court has already ruled that none of plaintiff's prior administrative remedy requests addressed the conduct giving rise to plaintiff's claims. Docket No. 45 at 2. Administrative Remedy 742758, addressing the February 3, 2012 incident, was filed well after the 20 day deadline lapsed and was accordingly rejected as procedurally deficient at both the F-1 and R-1 levels. Docket No. 49-1 at 58, 60. However, the Count need not decide whether plaintiff's claims will remain permanently unexhausted. *See Woodford*, 548 U.S. at 95.

Administrative Remedy 742758 does not provide a sufficient basis to defer ruling on defendant's summary judgment motion. Where plaintiff produces no new evidence indicating that he exhausted administrative remedies prior to filing this action, the Court finds that plaintiff has failed to provide a sufficient basis to alter or amend the Court's Order on defendants' motion for summary judgment under Rule 59(e). *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (holding that Rule 59(e) motion is appropriate in the event of "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice").

For the foregoing reasons, it is

**ORDERED** that Plaintiff's Supplemental Out of Time Motion/Notice to Court on PLRA Exhaustion [Docket No. 46] is **DENIED**.

DATED March 18, 2014.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge