IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 12-cv-01995-PAB-KLM

GREGORY D. CROSBY, also known as
GREGORY CROSBY, also known as
GREGORY D. COSMO COSBY,

      Plaintiff,

v.

C. NELSON, Sen. Officer,
S. HART, Sen. Officer,
J. SHORT, Sen. Officer,
LT. L. ANTHONY, Correctional Sup.,
JOHN DOE (N. WATCH),
R. KEMENA, Sen. Officer,
JOHN OR JANE DOE, and
MEDICAL SERVICES,

      Defendants.

---

**ORDER**

---

This matter is before the Court on "Plaintiff's Responses and Objection" to

Court's Order/And Motion in Alternative to Vacated [sic] it "Judgment and Order"

[Docket No. 47] filed by plaintiff Gregory D. Crosby.  In light of plaintiff's pro se status,

the Court construes his filings liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520

(1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 n. 3 (10th Cir. 1991).

Plaintiff is an inmate confined at the United States Penitentiary in Florence,

Colorado.  On July 30, 2012, plaintiff filed this action.  Docket No. 1.  Plaintiff claims

that, as a result of correctional officers' failure to confiscate a weapon, plaintiff's cell

mate assaulted him on February 3, 2012.  Docket No. 1 at 10-13.  Plaintiff claims that

defendants were deliberately indifferent to plaintiff's safety and failed to provide plaintiff

with adequate medical care.[1]   Docket No. 11 at 7-9, 14-15.  Defendants moved for

summary judgment, claiming that plaintiff failed to exhaust administrative remedies

under the Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S. C. § 1997e *et seq.*

Docket No. 28.  On May 9, 2013, the Recommendation of United States Magistrate

Judge (the "Recommendation") concluded that defendants' motion for summary

judgment should be granted and that plaintiff's claims should be dismissed without

prejudice.  Docket No. 38 at 13.  The Recommendation concluded that plaintiff had

failed to show that defendant Medical Services was subject to a *Bivens* claim and that

plaintiff failed to exhaust his administrative remedies.  Docket No. 38 at 12.  On July 26,

2013, the Court adopted in part the Recommendation's conclusion with respect to

defendant Medical Services.  Docket No. 45 at 6-7.  The Court ordered plaintiff to show

cause by August 16, 2013 why Medical Services was a proper defendant against which

to assert a *Bivens* claim, why plaintiff had exhausted his administrative remedies with

respect to claims against Medical Services, and why plaintiff's claims against Medical

Services should not be dismissed for failure to prosecute.  Docket No. 45 at 6-7.

On August 5, 2013, plaintiff filed the instant motion.  Docket No. 47.  Plaintiff

claims that he filed an administrative remedy request, Administrative Remedy 742758,

on the subject of Medical Services' deliberate indifference.  Docket No. 47 at 2-3.

Plaintiff argues that the Court's July 26, 2013 Order should be vacated and that plaintiff

---

[1]Because a detailed statement of the case has been set forth elsewhere [*see* Docket No. 38 at 2], the Court will only discuss the facts relevant to the resolution of plaintiff's motion.

should be permitted to proceed with discovery as to defendant Medical Services. *Id.* at

4-6.  Defendants argue that plaintiff failed to address whether Medical Services was a

proper *Bivens* defendant and claim that plaintiff's attempt to file an administrative

remedy request during litigation is insufficient to exhaust his administrative remedies.

Docket No. 49 at 2-3.  Plaintiff filed what appears to be a reply brief arguing that

Administrative Remedy 742758 is still on appeal.  Docket No. 50 at 2.  The Court

construes plaintiff's motion as a response to the Court's order to show cause.

The Court turns to plaintiff's *Bivens* claims against defendant Medical Services.

Plaintiff seeks relief pursuant to *Bivens v. Six Unknown Agents of Federal Bureau of*

*Narcotics*, 403 U.S. 388 (1971), which recognizes an implied private right of action for

damages arising from constitutional violations by federal officers.  However, *Bivens*

claims lie only in the "unconstitutional acts of individual officers."  *Correctional Servs.*

*Corp. v. Malesko*, 534 U.S. 61, 71 (2001) (holding that plaintiff could not bring *Bivens*

action against private corporation that operated prison).  As such, a plaintiff cannot

maintain a *Bivens* claim against an individual officer's employer or a corporate

defendant.  *Id.* at 70-71.  Plaintiff entirely fails to address whether Medical Services is a

proper *Bivens* defendant.  As such, where plaintiff failed to respond to the Court's order

to show cause on this issue, the Court will dismiss plaintiff's claims against Medical

Services without prejudice.

Even assuming Medical Services was a proper *Bivens* defendant, plaintiff fails to

show that he exhausted his administrative remedies with respect to his claims against

Medical Services.  Based on the declaration of Kara Lundy, senior attorney at the

Federal Bureau of Prisons, it appears that plaintiff filed Administrative Remedy 742758

on July 17, 2013.[2]  Docket No. 49-1 at 6-7, ¶ 16.  Ms. Lundy avers that Administrative

Remedy 742758 was rejected as untimely at both the F-1 and R-1 levels.[3]  *Id.*; Docket

No. 49-1 at 58, 60.  The PLRA directs that "[n]o action shall be brought with respect to

prison conditions . . . until such administrative remedies as are available are

exhausted."  42 U.S.C. § 1997e(a); *Porter v. Nussle*, 534 U.S. 516, 532 (2002).[4]  A

remedy is not exhausted if the prisoner fails to follow prison procedures for pursuing

administrative remedies.  *Woodford v. Ngo*, 548 U.S. 81, 95 (2006).  The Supreme

Court has interpreted the PLRA as requiring prisoners "to exhaust prison grievance

procedures *before filing suit*."  *Jones v. Bock*, 549 U.S. 199, 202 (2007) (emphasis

---

[2]For the purposes of resolving this motion, the Court assumes that Administrative Remedy 742758 addresses the subject matter upon which plaintiff bases his claims against Medical Services.

[3]The Federal BOP administrative process to redress inmate grievances is codified at 28 C.F.R. §§ 542.10 *et seq.* and sets out a four-level process.  The first level is informal resolution with prison staff.  28 C.F.R. § 542.13(a).  Requests for Informal Resolution Forms are not assigned a remedy identification number and are not tracked. If unable to resolve the complaint informally, the inmate may then submit an administrative remedy request to the Warden (a BP-9 request).  28 C.F.R. § 542.14.  At this second level, the requests are assigned a remedy identification number and an F-1 extension.  The third level of the administrative process involves filing an appeal at the regional level (a BP-10 request), which is assigned an R–1 extension.  *See* 28 C.F.R. § 542.15(a).  The fourth and final level of appeal is to the Director of National Inmate Appeals in the Office of the General Counsel in Washington, D.C. (a BP-11 request) and is assigned an A-1 extension.  *See* 28 C.F.R. § 542.15(a).

[4]The exhaustion requirement is an affirmative defense, which defendant bears the burden of proving.  *Jones v. Bock*, 549 U.S. 199, 216 (2007); *Roberts v. Barreras*, 484 F.3d 1236, 1240-41 (10th Cir. 2007).  Moreover, exhaustion of administrative remedies under the PLRA is a question of law for the Court to decide.  *Drippe v. Tobelinski*, 604 F.3d 778, 781 (3d Cir. 2010).

added).  "There is no question that exhaustion is mandatory under the PLRA and that

unexhausted claims cannot be brought in court."  *Id.* at 211.  This requirement is

consistent with the purpose of the PLRA to "eliminate unwarranted federal-court

interference with the administration of prisons" and "'affor[d] corrections officials time

and opportunity to address complaints internally before allowing the initiation of a

federal case.'"  *Woodford*, 548 U.S. at 93 (quoting *Porter*, 534 U.S. at 525).  The Tenth

Circuit, in an unpublished decision, held that because exhaustion is "a precondition to

*filing* a suit, an action brought before administrative remedies are exhausted must be

dismissed without regard to concern for judicial efficiency."  *Ruppert v. Aragon*, 448 F.

App'x 862, 863 (10th Cir. 2012) (unpublished) (emphasis in original) (holding that,

although the prison finished its administrative review of the incident giving rise to the

plaintiff's claim by the time plaintiff's case was "ripe for decision," plaintiff's claim was

unexhausted and properly dismissed); *see also Herrera v. Cnty. of Santa Fe.*, 79 F.

App'x 422, 424 (10th Cir. 2003) ("Herrera was required under the PLRA to exhaust his

administrative remedies before bringing this § 1983 action").  "An inmate who begins

the grievance process but does not complete it is barred from pursuing a

. . . claim under the PLRA for failure to exhaust his administrative remedies."  *Jernigan*

*v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002).

Plaintiff provides no authority indicating that he can satisfy the PLRA's

administrative exhaustion requirement by filing an administrative remedy request after

filing a complaint.  Thus, the Court finds that, because plaintiff filed Administrative

Remedy 742758 in July 2013, Administrative Remedy 742758 is not relevant to the

question of whether plaintiff exhausted administrative remedies before filing this case.

Moreover, although plaintiff claims that he appealed the R-1 denial to the Office of the

General Counsel in Washington, D.C., plaintiff does not indicate whether the appeal

process has been completed or whether Administrative Remedy 742758 satisfied the

relevant administrative procedural requirements.[5]  The Court finds that plaintiff has

failed to exhaust administrative remedies with respect to his claims against Medical

Services.[6]

For the foregoing reasons, it is

**ORDERED** that "Plaintiff's Responses and Objection" to Court's Order/And

Motion in Alternative to Vacated [sic] it "Judgment and Order" [Docket No. 47] is

**DENIED**.  It is further

**ORDERED** that defendant Medical Services is **DISMISSED** without prejudice.  It

---

[5]Inmates must submit a formal Administrative Remedy Request within "20 calendar days following the date on which the basis for the Request occurred."  28 C.F.R. § 542.14.  "Proper exhaustion demands compliance with an agency's deadlines."  *Woodford v. Ngo*, 548 U.S. 81, 91 (2006).  Failure to comply with such procedural requirements does not allow a prisoner to bypass the PLRA's exhaustion requirement.  *Id.* at 95.  The Court has already ruled that none of plaintiff's prior administrative remedy requests addressed the conduct giving rise to plaintiff's claims.  Docket No. 45 at 2.  Administrative Remedy 742758, addressing the February 3, 2012 incident, was filed well after the 20 day deadline lapsed and was accordingly rejected as procedurally deficient at both the F-1 and R-1 levels.  Docket No. 49-1 at 58, 60.  However, the Count need not decide whether plaintiff's claims will remain permanently unexhausted.  *See Woodford*, 548 U.S. at 95.

[6]To the extent plaintiff seeks, pursuant to Fed. R. Civ. P. 59(e), to vacate the Court's Order granting defendant's motion for summary judgment, plaintiff fails to provide sufficient support for his argument.  *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (holding that Rule 59(e) motion is appropriate in the event of "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice").

is further

       **ORDERED** that this case is **DISMISSED** without prejudice in its entirety.

DATED March 18, 2014.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge